**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 2, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RONNIE EUGENE MAYNARD, JR.,

    Defendant - Appellant.

No. 25-5080
(D.C. No. 4:23-CR-00217-SEH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **MATHESON**, and **EID**, Circuit Judges.
_____

Ronnie Eugene Maynard, Jr. pleaded guilty to one count of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  The district court sentenced him to 30 years in prison, which was below the statutory maximum of 40 years.  Mr. Maynard seeks to appeal his conviction and sentence.

The government filed a motion to enforce the appeal waiver contained in Mr. Maynard's plea agreement.  *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).  Mr. Maynard's counsel responded, citing *Anders v. California*, 386 U.S. 738, 744 (1967), and stated there is no non-frivolous

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

basis to oppose the government's motion. Counsel also moved to withdraw from representing Mr. Maynard. Consistent with the procedure outlined in *Anders*, we invited Mr. Maynard to file his own response to show why we should not enforce the appeal waiver, but he has not done so.

Under these circumstances, our duty is to examine the record and decide whether the appeal is indeed frivolous. *See id.* We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325. All three considerations support enforcing the waiver here.

***Scope of the waiver.*** Mr. Maynard seeks to appeal his conviction and sentence, but he waived the right to appeal unless his sentence exceeded the statutory maximum. Because his sentence was below the statutory maximum, his waiver covers this appeal.

***Knowing and voluntary waiver.*** The plea agreement and the plea colloquy show that Mr. Maynard knowingly and voluntarily waived his right to appeal.

***Miscarriage of justice.*** Enforcing an appeal waiver will result in a miscarriage of justice only if: (1) the district court relied on an impermissible factor, such as race; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in a way that seriously affects the fairness, integrity, or public reputation of

2

the proceedings. *See id.* at 1327. Nothing in the record suggests that enforcing the appeal waiver will cause a miscarriage of justice.

We grant the government's motion to enforce the appeal waiver and dismiss this appeal. We also grant counsel's motion to withdraw as Mr. Maynard's attorney.

Entered for the Court

Per Curiam